# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIE M. TURNER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-03082 |
| CBC NATIONAL BANK, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Willie M. Turner ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of CBC National Bank ("CBC" or "Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as CBC conducts business in the Northern District of Illinois and operates a place of business in the Northern District of Illinois and maintains significant contacts within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

1

5. Defendant CBC National Bank is a bank charter class of national bank with the FDIC and is regulated by the Office of the Comptroller of Currency. CBC's headquarters is located in Fernandina Beach, Florida. According to its website (www.cbcnationalbankmortgage.com), Defendant operates a mortgage division with office locations in Rosemont and Sherwood, Illinois, as well as having mortgage offices in Arizona, California, Florida, Georgia, Indiana, Maryland, Michigan, Ohio, and Pennsylvania. Defendant is engaged in interstate commerce by, among other things, selling mortgage loans and other financial products in its mortgage division.

FACTS SUPPORTING CAUSES OF ACTION

6. In early 2016, Plaintiff began receiving calls to his cellular telephone number, (678) XXX-2088, looking for a Pretrina Turner.

7. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number ending in 2088. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

8. As soon as the call began, Plaintiff answered a phone call to his cellular telephone and on the line was a pre-recorded message from Defendant looking for a Pretrina Turner.

9. Plaintiff was perplexed why Defendant was calling him so he immediately called Defendant back to tell them he was obviously not Pretrina Turner and to cease calling his cellular phone.

10. Plaintiff *never* provided his telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

11. Plaintiff answered over 20 calls and was greeted by a prerecorded voice message looking for Pretrina Turner.

12. Each time Mr. Turner answered he would call Defendant back, inform them that he was clearly not Petrina Turner, and request that Defendant stop calling his cellular phone.

13. After each call Mr. Turner made, a Defendant representative would acknowledge the error, however, the calls continued.

14. Plaintiff continues to receive calls form the same number, at almost the same time every day.

15. Moreover, Plaintiff asked Defendant to stop calling him on no less than 15 separate occasions.

16. Notwithstanding Plaintiff's numerous requests that Defendant's calls cease, CBC placed or caused to be placed an average of almost 2 phone calls per day between early 2016 through the present day, without Plaintiff's prior consent, in an attempt to contact Pretrina Turner.

17. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

18. In total, Defendant placed or caused to be placed no less than 793 harassing phone calls to Plaintiff's cellular telephone from early 2016 through the present day.

19. In the calls that Plaintiff spoke to a live representative of Defendant, Plaintiff hears what sounds to be call center noise in the background of Defendant's calls.

20. In the calls that Plaintiff did not answer, CBC would leave a pre-recorded/artificial voicemail on Plaintiff's cellular phone, each of which was approximately 21 seconds in duration. There would be an audible click from the receiver and after a significant pause, a pre-recorded message was left by CBC using a prerecorded voice requesting Pretrina Turner to call back.

21. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the banking industry to contact consumers.

### DAMAGES

22. Plaintiff has suffered and continues to suffer from emotional distress, depression, mental anguish, and anxiety as a direct result of Defendant's unlawful practices.

23. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

24. Defendant's phone harassment campaign has caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

25. In addition, each time CBC placed a telephone call to Plaintiff, CBC occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

26. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel CBC to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. CBC repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

29. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

30. Based on the pre-recorded messages and the lack of prompt human response during the phone calls in which Plaintiff answered, CBC used a predictive dialing system to place calls to Plaintiff's cellular telephone.

31. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

32. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

33. CBC violated the TCPA by placing no less than 793 harassing phone calls to Plaintiff's cellular telephone from early 2016 through the present day, using an ATDS without his prior consent.

34. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations. Specifically, Plaintiff verbally revoked consent to be called on his cellular phone on at least fifteen separate occasions.

35. As pled above, Plaintiff was severely harmed by CBC's calls to his cellular phone.

36. Upon information and belief, CBC has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

37. Upon information and belief, CBC knew its practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

38. CBC, through its agents, representatives, vendors, third-party contractors, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

39. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), CBC's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, WILLIE M. TURNER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Enjoining CBC from contacting Plaintiff; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: April 30, 2018                                    Respectfully Submitted,


/s/ Marwan R. Daher                                      /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                    Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                  *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                                 Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                    2500 South Highland Avenue, Suite 200
Lombard, IL 60148                                        Lombard, IL 60148
Telephone: (630) 537-1770                                Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                                   osulaiman@sulaimanlaw.com