**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIE M. TURNER, | ) | |
| Plaintiff, | ) | Civil Action No. 1:18-CV-03082 |
| v. | ) | Judge: Hon. Elaine E. Bucklo |
| CBC NATIONAL BANK, | ) | |
| Defendant. | ) | |

**Defendant's Motion to Dismiss for Lack of Personal Jurisdiction
and For Improper Venue Pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3) or
Alternatively, to Transfer Venue Pursuant To 28 U.S.C. § 28 U.S.C. §§ 1406(a) or 1404(a)
and Memorandum in Support Thereof.**

Defendant CBC National Bank ("CBC" or "the bank")[1], through counsel, submits this

Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue pursuant to Fed.R.Civ.P.

12(b)(2) and 12(b)(3), or Alternatively, to Transfer Venue pursuant to 28 U.S.C. §§ 1406(a) or

1404(a), and Memorandum in Support Thereof. Together with its Affidavit, CBC shows the Court

as follows:

**INTRODUCTION**

Plaintiff brings this action against Defendant CBC, a federally-chartered bank

headquartered in Florida. Plaintiff asserts claims for TCPA violations related to robocalls received

by Plaintiff on his Georgia cell phone. CBC seeks dismissal for lack personal jurisdiction under

*Daimler* because CBC's office locations in the forum do not make CBC "essentially at home" in

Illinois. Further, Plaintiff cannot establish minimum contacts with Illinois to satisfy due process

and Plaintiff does not allege any event giving rise to the TCPA claims occurred in Illinois.

Alternatively, the action should either be transferred under 28 U.S.C. § 1406(a) to the forum in

---

[1] Defendant, CBC National Bank Mortgage, a division of First Federal Bank of Florida, is misidentified as
CBC National Bank.  For ease of reference, Defendant is referred to in this motion and the accompanying
affidavit as CBC National Bank or CBC.

which the alleged TCPA violation occurred, or transferred under §1404(a) for convenience and in the interest of justice. In its Declaration, CBC shows that the balance of public and private interest factors favor a transfer to the Northern District of Ohio.

## **BACKGROUND**

Plaintiff Willie M. Turner ("Plaintiff" or "Turner") brings this lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227(b)(1)(A)(iii) for robocalls received on Plaintiff's cell phone. (Dkt. 1, ¶6). Plaintiff filed his Complaint on April 30, 2018. (Dkt. 1). The Court granted CBC's unopposed request to file its initial response by July 16, 2018. (Dkt. No. 16). Before filing this Motion, CBC requested Plaintiff consent to a venue transfer, but Plaintiff did not agree.

Plaintiff does not assert he is an Illinois resident, but identifies his cellphone as being assigned a Georgia number (678-xxx-2088).[2] (Dkt. 1, ¶6). Plaintiff alleges he received autodialed calls, prerecorded calls and voicemail messages ("robocalls") on his cell phone. (Dkt. 1, ¶¶8, 11, 19-21). According to Plaintiff, each robocall was placed by CBC in an attempt to contact "Pretrina Turner," a nonparty to this action. (Dkt. 1, ¶16). Plaintiff alleges he talked with the robocaller on at least 15 occasions to say he was not Pretrina Turner or request the robocaller stop calling his cell phone. (Dkt. 1, ¶¶9, 12, 15). Plaintiff states he neither provided "his telephone number" to the robocaller nor provided prior express consent to receive calls from the robocaller. (Dkt. 1, ¶10).

CBC is a federally-chartered bank headquartered in Florida and operates a mortgage division with office locations in Illinois and other states.[3] (Dkt. 1, ¶5). CBC's operates a mortgage division is based in Atlanta, Georgia. (*See* Affidavit of CBC National Bank representative Daniel C. Diaddigo, attached hereto as Exhibit 1, hereinafter "CBC Aff." ¶5). CBC refers to its mortgage

---

[2] The "(678)" area code is assigned to the greater Atlanta, Georgia area.
[3] Plaintiff erroneously identifies CBC office locations in certain states. Dkt. 1, ¶5.

division locations as "branches," but the locations are loan production offices (LPOs).[4] (CBC Aff. ¶6). CBC shows its Illinois office locations neither directed nor participated in calls with Plaintiff. (CBC Aff. ¶¶7, 8, 9). However, CBC shows that its Ohio office location participated in calls with Plaintiff in August 2017.[5] (CBC Aff. ¶8).

## ARGUMENT AND CITATION TO AUTHORITY

### I. The Court Lacks Personal Jurisdiction Over CBC, a Federally-Chartered Bank

Simply put, this Court cannot exercise personal jurisdiction over CBC under *Daimler*. CBC is a federally-chartered bank headquartered in Florida whose only connection to Illinois is having office locations in the forum.[6] (Dkt. 1 ¶¶2, 5). Plaintiff alleges no connection between the TCPA claims and Illinois. Because Plaintiff cannot establish general or specific jurisdiction over CBC in this forum, this action must be dismissed.

When deciding a TCPA claim arising under federal law, a federal court may exercise personal jurisdiction over a defendant only if the defendant "would be amenable to suit under the [long-arm jurisdiction] laws of the state in which the federal court sits." *KM Enterprises, Inc. v. Global Traffic Tech., Inc*., 725 F.3d 718, 724 (7th Cir. 2013). "Because the TCPA does not authorize nationwide service of process, the court must look to Illinois law for the limitation on the exercise of personal jurisdiction." *Bakov v. Consol. Travel Holdings Grp., Inc*., No. 15-C-2980, 2016 WL 4146471, at *1 (N.D. Ill. Aug. 4, 2016). Since this court sits in Illinois, personal jurisdiction is governed by the due process limitations in the Illinois constitution and federal law,

---

[4] LPOs do not perform any of the three core banking functions, i.e., receiving deposits, paying checks, and lending money. 12 CFR §§ 7.1004 and 7.1005. *See First Nat'l Bank of McCook v. Fulkerson*, No. 98-D-1024, 2000 WL 33914121 (D. Colo. March 7, 2000).

[5] CBC denies any TCPA violation, but makes this showing to support a transfer to a more convenient forum.

[6] Plaintiff erroneously alleges that CBC has an office location in "Sherwood, Illinois."

for which there is no operative difference. *Id.*; *Hyatt International Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).

When a defendant challenges personal jurisdiction, the plaintiff bears the initial burden of establishing a prima facie case. *N. Grain Marketing, LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2015). Moreover, in a TCPA case, courts in this district have pointed out that "it is not enough just to show a violation of the TCPA, but there must be, in addition, some evidence that a non-resident defendant personally directed or participated in the violation in order to establish specific jurisdiction." *Bakov, supra,* 2016 WL 4146471, at *5, citing *Flexicorps, Inc. v. Benjamin & Williams Debt Collectors, Inc.,* 2007 WL 1560212 (N.D. Ill., May 29, 2007). The court is not limited to the pleadings, but may consider outside documents.

A court may assert general jurisdiction ("all-purpose jurisdiction")[7] over a nonresident corporation "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S.Ct. 746, 750, (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)). *Daimler* has "raised the bar" for general jurisdiction. *Kipp v. Ski Enterprise Corp. of Wisconsin, Inc.*, 783 F.3d 695, 698 (7th Cir. 2015).

The Supreme Court has explained that the "paradigm" forums in which a corporate defendant is "essentially at home" are (1) its place of incorporation and (2) its principal place of business. *Daimler*, 134 S.Ct. at 760-62. In limiting general jurisdiction over nonresident defendants, the Supreme Court has "rejected an overly expansive view that would permit corporations to be subject to general personal jurisdiction in multiple states." *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 746 (N.D. Ill. 2016), *aff'd*, 852 F.3d 687 (7th Cir. 2017);

---

[7] *See BNSF Railway Co. v. Tyrell*, 137 S.Ct. 1549, 1558 (2017).

*Daimler*, 134 S.Ct. at 760. Absent general personal jurisdiction, a plaintiff must establish specific personal jurisdiction ("case-linked jurisdiction")[6] over a nonresident corporation by showing "an affiliation between the forum and the underlying controversy." *Daimler*, 134 S.Ct. at 760-62. Neither general nor specific personal jurisdiction exists over CBC in this forum for the reasons shown below.

### A.   There is no General Jurisdiction Because CBC is Not "At Home" in Illinois

Although CBC is not a corporation but a federally-chartered bank,[8] the analysis under *Daimler* "does not vary with the type of claim asserted or business enterprise sued."[9] *BNSF Railway Co. v. Tyrell*, 137 S.Ct. 1549, 1558 (2017) ("Fourteenth Amendment due process constraint described in *Daimler*, however, applies to all state-court assertions of general jurisdiction over nonresident defendants"). As such, this Court cannot exercise general jurisdiction over CBC, absent Plaintiff showing that CBC's contacts with Illinois are so substantial as to render this an "exceptional case" as contemplated in *Daimler*. Plaintiff has failed to make this showing. To be sure, Plaintiff established that CBC does business in Illinois through its mortgage division office locations. But this fact falls far short of showing that Illinois is a surrogate home for defendant.  "Doing business in the forum [] is simply not enough". *Daimler*, 134 S.Ct. at 762. n.20.

Courts in this district applying *Daimler* have expressly rejected attempts by plaintiffs to expand general jurisdiction over nonresident banks. See *Leibovitch,* 188 F. Supp. 3d at 747 ("while the existence of a single branch within the forum state was once thought a sufficient basis to exercise general jurisdiction over a [nonresident] bank, this practice is no longer valid

---

[8] CBC is chartered under federal law and is not incorporated under the laws of any state. While not controlling, for diversity purposes, CBC is deemed a citizen of Florida, the location of its main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348.

[9] *See First National Bank of Pennsylvania v. Transamerica Life Insurance Company*, No. CV 14-1007, 2016 WL 520965, at *4 (W.D. Pa. Feb. 10, 2016) (finding *Daimler* applies equally to national banking associations and mere presence of office does not confer general jurisdiction).

after *Daimler*"); *Hill v. Capital One Bank (USA), N.A.*, No. 14–CV–6236, 2015 WL 468878, at *6–7 (N.D. Ill. Feb. 3. 2015) (national bank headquartered in Virginia was not "at home" in Illinois even though it had ATM and customer help center in Illinois).[10] The court's analysis in *Hill* is particularly instructive as the court refused to exercise personal jurisdiction in a case involving similar facts. In that case, plaintiffs argued that the national bank's four office locations in Illinois constituted a significant presence to confer general jurisdiction.[11] In rejecting Hill's arguments, the court reiterated that "the general jurisdiction analysis should focus on a corporation's true locus of corporate activity." *Hill*, 2015 WL 468878, at *6 (citing *Daimler,* 134 S.Ct. at 762). Thus, this court may not properly exercise general jurisdiction over CBC simply because it maintains mortgage office locations in Illinois but is headquartered elsewhere.[12]

### B.   There is no Specific Jurisdiction Because Plaintiff Does Not Allege His TCPA Claims Relate to Illinois or CBC's Contacts in the Forum

While Plaintiff arguably make cursory allegations to establish general jurisdiction, the Complaint does not allege any injury resulting from activity or conduct in Illinois – that is, Plaintiff does not allege the robocalls were *placed from* or *received in* Illinois. The Supreme Court has recently clarified that the "primary focus of our personal jurisdiction inquiry is the defendant's relationship to the forum state." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S.Ct. 1773, 1779 (2017). In reiterating the settled principles of specific jurisdiction, the high court explained "In other words, there must be 'an affiliation [or link] between the forum and the underlying controversy", principally, [an] activity or an occurrence that takes place in the forum State..." *Id.* At best, Plaintiff suggests that CBC engaging in interstate

---

[10] *See Nicholson v. E-Telequote Ins., Inc.*, 205 WL 5950659 at *1, 4 (N.D. Ill., Oct. 13, 2015) (doing 10 percent of business in Illinois does not make a corporation "at home" in Illinois).

[11] The locations in Hill were LPOs as are CBC's locations. *See* Note 3, *supra*, and CBC Aff. ¶6.

[12] *See also*, *Freedman v. Suntrust Banks, Inc*., 139 F.Supp.3d 271, 279 (D.D.C. 2015) (applying *Daimler* and finding no general jurisdiction over nonresident bank based only on mortgage branches in forum).

commerce by "selling mortgage loans and other financial products" constitutes "significant contacts" in the forum. (Dkt. 1, ¶ 3, 5). *BMS* states otherwise: "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State, citing *Goodyear,* 564 U.S. at 931, n. 6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales").

Here, the TCPA claims are brought by a nonresident Plaintiff arising from robocalls made to and received by a Georgia cell phone. Dkt. 1, ¶6. Courts in this district and others have concluded that there can be no specific jurisdiction for TCPA claims where the plaintiff is a nonresident of the forum or there is otherwise no connection between the claims made and the forum. *See Practice Management Support Services, Inc. v. Cirque de Soleil*, 301 F.Supp.3d 840, 864-65 (N.D. Ill. 2018) (Durkin, J.) (applying *BMS* and dismissing TCPA claims by nonresident class members "[b]ecause these nonresidents' claims do not relate to defendants' contacts with Illinois, exercising specific personal jurisdiction over defendants with respect to them would violate defendants' due process rights"); *DeBernardis v. NBTY, Inc.*, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018) (Leinenweber, J.) (dismissing TCPA claims by nonresident plaintiffs); *McDonnell v. Nature's Way Prod*., 2017 WL 4864910, at *4-5 (N.D. Ill. Oct. 26, 2017) (Ellis, J.) (dismissing TCPA claims by nonresident plaintiffs).

Because this forum lacks specific jurisdiction over CBC, this action must be dismissed.

## II.   The Complaint Should be Dismissed Because Venue is Improper in Illinois

Because this court lacks personal jurisdiction over CBC, venue is wrongly laid in Illinois and the Complaint should be dismissed per Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a). For TCPA claims asserted against corporate defendants, venue is analyzed under 28 U.S.C. §§ 1391(b) and 1391(c)(2). Under those statutes, venue is proper in a district (1) in which the defendant resides

or (2) in which a substantial part of the events or omissions giving rise to the claim occurred.[13] Here, Plaintiff relies solely on 28 U.S.C. § 1391 in choosing venue, but asserts venue is proper because CBC operates a place of business in this district. (Dkt. 1 ¶¶3, 5).

For purposes of a Rule 12(b)(3) motion challenging venue, the plaintiff bears the initial burden of establishing proper venue *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-10 (7th Cir. 2011); *Johnson v. Creighton Univ.*, 114 F.Supp.3d 688, 696 (N.D. Ill. 2015). The court may look at documents outside the pleadings.[14] *Id.*

### A. Venue is Improper Under 1391(b)(1) Because CBC does not Reside in Illinois

To determine residency for venue purposes, a defendant entity is deemed to reside "in any judicial district in which such defendant is subject to the court's *personal jurisdiction* with respect to the civil action in question." 28 U.S.C. §1391(c)(2). As discussed above, this Court lacks general and specific personal jurisdiction over CBC. CBC's not headquartered in Illinois and there a link alleged between the TCPA claims and CBC's contacts in Illinois. Because the Court lacks personal jurisdiction over CBC, venue is improper under §§ 1391(b)(1) and (c)(2).

### B. Venue is Improper Under 1391(b)(2) Since No TCPA Events Occurred in Illinois

To establish proper venue under §1391(b)(2), Plaintiff must allege a "*substantial* part of the events or omissions giving rise to this claim" occurred in this forum. A review of the Complaint reveals that Plaintiff does not allege that any TCPA-related event (i.e., the calls) occurred in Illinois. In making venue decisions, this court has held that courts should focus on relevant activities of the defendant, not of the plaintiff. *Moran Indus. v. Higdon*, 2008 WL 4874114, at *5 (N.D. Ill. June 26, 2008), citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). Here, Plaintiff

---

[13] The "catch-all" provision in § 1391(b)(3) is not relevant as venue may be brought in Florida.

[14] Factual conflicts are resolved in the plaintiff's favor, and the court may draw reasonable inferences from those facts. *Hanyuan Dong v. Garcia,* 553 F.Supp.2d 962, 964 (N.D. Ill. 2008).

does not allege that CBC made any call to an Illinois resident, does not allege that CBC's Illinois location initiated or directed any call *to Plaintiff*, and does not allege that CBC's Illinois location received a call *from Plaintiff*.

Since Plaintiff alleges no part of the events giving rise to his TCPA claims occurred in Illinois, venue is not proper under §1391(b)(2). *See Caldera Pharm., Inc. v. Los Alamos National Sec., LLC*, 844 F.Supp.2d 926, 929 (N.D. Ill. 2012) (finding improper venue where no substantial part of events underlying claims occurred in Illinois); *Moran*, 2008 WL 4874114, at *5 (N.D. Ill. June 26, 2008) (dismissing claims for improper venue because some, but not substantial part, of events underlying tort and contract claims did not occur in Illinois); *see also*, *Blair v. CBE Group, Inc.*, No. 13-cv-134, 2013 WL 2029155, at *2 (S.D. Cal. May 13, 2013) (dismissing TCPA claims under 12(b)(3) for improper venue because calls were not placed from or received in forum state).

Because Plaintiff has not satisfied any prong of §1391(b), venue is mislaid in this forum and the case is ripe to be dismissed under §1406(a) (if venue is improper, the court "shall dismiss [the case], or if it be in the interest of justice, transfer it…"). Whether the interest of justice militates in favor of dismissal rather than transfer is a judgment committed to the sound discretion of the trial court.

The court should exercise its discretion and dismiss the action for three reasons: *First*, since the case was recently filed, Plaintiff will not be unfairly prejudiced by a dismissal. Moreover, CBC sought Plaintiff's consent for a venue transfer, but Plaintiff refused.[15] *Second*, there is no waste of judicial resources since CBC filed this Motion as its initial response to the Complaint. *Third*, it appears the action was wrongly filed here solely for the purpose of forum shopping. Plaintiff's claims have no tie whatsoever to Illinois except for Plaintiff's counsel; it is only by sheer

---

[15] The TCPA claims would not be time-barred because Plaintiff alleges the calls began in "early 2016" (Dkt. 1, ¶6) and the limitations period is four years. 28 U.S.C. § 1658(a).

9

coincidence that CBC's website identified an Illinois location. The Seventh Circuit has held forum shopping can occasion sanctions for causing unnecessary procedural litigation over venue. See *Boyer v. BNSF Ry. Co.*, Nos. 14-3131 & 14-3182, slip op. (7th Cir. Aug. 9, 2016) (citing court's inherent authority to sanction counsel for misconduct as an alternative ground for sanctions). For these reasons, the action should be dismissed.

### III. In Lieu of Dismissal, the Action Should be Transferred to a More Convenient Forum

It is CBC's position that the action should be dismissed under Rule 12(b)(2), Rule 12(b)(3) and 28 U.S.C. § 1406(a). If the action is not dismissed, the action should be transferred in the interest of justice or also for the convenience of the parties and witnesses under 28 U.S.C. § 1404(a).[16] CBC posits that TCPA cases involving robocall claims belong in the judicial district from which the calls were caused to be placed.

Assuming that venue is proper in this court,[17] a venue transfer under §1404(a) is appropriate if (1) transfer serves the convenience of the parties and witnesses, and (2) transfer is in the interest of justice. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167 (N.D. Ill. 1995). The decision to transfer venue under §1404(a) requires a weighing of multiple factors and is committed to the sound discretion of the district court. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The Court need not accept plaintiff's legal conclusions as true and may consider material outside the pleadings. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947).

A case may be transferred to any venue in which it may have originally been brought. *Bally Mfg. Corp. v. Kane,* 698 F. Supp. 734, 737 (N.D. Ill. 1988). Thus, Florida is a proper venue choice as that is where personal jurisdiction lies over CBC. However, that venue is not the most

---

[16] Alternatively, for want of personal jurisdiction, transfer may be made under 28 U.S.C. § 1631.
[17] CBC maintains that venue is not proper in the Northern District of Illinois.

convenient forum. Rather, the most convenient forum is the district from which the calls were placed, absent a showing by the parties that there is another more convenient forum.

In evaluating a motion to transfer venue, the Court must balance both private and public interest factors. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The Court may make any necessary factual findings when determining venue. *See In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008). In sum, the balance of factors heavily favor transfer from the Northern District of Illinois.

### A. Private interest factors weigh in favor of transfer of venue

When analyzing venue transfer, a court must weigh these private interest factors: (1) plaintiff's choice of forum; (2) situs of material events; (3) improved ease of access to sources of proof; and (4) convenience to the witnesses and parties. *Research Automation*, 626 F.3d at 978.

#### 1. Plaintiff's choice of forum is entitled to little weight.

Plaintiff does not allege Illinois is his home forum. So while a plaintiff's choice of forum is usually given deference and undisturbed, an exception applies when "the plaintiff's chosen forum is not the plaintiff's home forum or has relatively weak connections with the operative facts giving rise to the litigation." *Body Sci. LLC v. Boston Sci. Corp.*, 846 F.Supp.2d 980, 992 (N.D. Ill. 2012)); *AL & PO Corp.,* 2015 WL 738694, at *3 ("unless balance is strongly in favor of defendant, plaintiff's choice should rarely be disturbed for convenience") (cit. omitted). Because the Northern District of Illinois is not Plaintiff's home forum, his choice of forum carries less weight. *RAH Color Tech., LLC v. QUAD/Graphics, Inc.*, No. 17 C 4931, 2018 WL 439210, at *3 (N.D. Ill. Jan. 16, 2018) (*citing Delta Air Lines, Inc. v. Perfekt Mktg., Inc.*, 861 F.Supp.2d 919, 920 (N.D. Ill. 2012)); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). The only connection to Illinois is Plaintiff's counsel. "It is well established, however, that

11

counsel's convenience is not an appropriate consideration in evaluating the transfer of venue." *RAH Color Tech*, 2018 WL 439210, at *3 (*citing Body Sci.*, 846 F.Supp.2d at 993).

### 2. The situs of material events is not Illinois and favors transfer.

In TCPA cases, "the injury and the decision-making [related to the defendant's alleged conduct] are both material events." *AL & PO Corp., v. Am. Healthcare Capital, Inc.*, No. 14-C-1905, 2015 WL 738694, at *3 (N.D. Ill. Feb. 19, 2015). This Court should be guided by the decision in *Camarena v. Vanderbilt.* There, the court transferred venue in a TCPA case from Illinois to Tennessee, in large part, because the alleged calls were made from defendant's office location in Tennessee. *See Camarena*, 2015 WL 4036258, at *3. Thus, the *Camarena* court found "[t]here is no way of connecting the alleged events to Illinois." *Id.*[18]; *see also, Cadenasso v. Metro Life In. Co.*, No. 13-CV-5491, 2014 WL 1510853, at *9 (N.D. Cal. Apr. 15, 2014) (venue transferred to Florida as situs from which unsolicited faxes were sent).

Since Illinois has no connection the TCPA-related events, this factor heavily favors transfer to the situs of material events.

### 3. Ease of access to proof lies outside Illinois and favors transfer.

The convenient forum is the location from which any calls to Plaintiff were directed or placed. It follows that the records and other data necessary to litigate the action would be found in that location. Additionally, CBC's fact witnesses will be found there. Although no discovery has occurred, CBC identifies that potential non-party witnesses would be more likely to subject to subpoena power in the district from which calls were made.[19]

---

[18] Camarena did not file suit in the forum where calls were received. *Camarena*, 2015 4036258, at *3.
[19] No witnesses reside in Illinois, but Pretrina Turner is believed to reside in Georgia. Other potential non-party witnesses may include technology providers who contracted with CBC in Ohio.

Transfer to Ohio would provide improved access to resources of proof for CBC without any identifiable downside or burden to Plaintiff. *See Vanderbilt*, 2015 WL 4036258, at *2. In deciding transfer motions in TCPA cases with a jury demand, courts are mindful of the "ability to present live witnesses at trial via subpoena of those who are amenable to compulsory process in [the transferee state] is particularly significant." *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 621 F. Supp. 780, 783 (N.D. Ill. 1985). Transfer to the convenient forum is important so that the trial witnesses are not outside the subpoena power of the Court. *See Hecht v. Don Mowry Flexo Parts, Inc.*, 111 F.R.D. 6, 9-10 (N.D. Ill. 1986) ("The 100-mile limitation on service of a subpoena applies to parties as well as non-parties.").

At the very least, this factor is neutral since electronically stored information makes access equal among either venue. *See Lewis v. Grote Indus., Inc.*, 841 F.Supp.2d 1049, 1053 (N.D. Ill. 2012); *Landis v. Warner Chilcott, LLC*, 2010 WL 5373664, at *3 (N.D. Ill. Dec. 15, 2010).

### 4. Convenience factors favor transfer for the parties.

In assessing this factor, courts should consider (a) the parties' residences and (b) the parties' abilities to bear the expense of trial in each forum. *College Craft Cos. Ltd. v. Perry*, 889 F. Supp. 1052, 1056 (N.D. Ill. 1995). This is *not* a case in which the transfer merely shifts inconvenience from one party to the other. Rather, if this action is litigated in Illinois, all the necessary party witnesses would have to incur travel expenses to meaningfully participate, which is a "central measure of [in]convenience." *See Camerena,* 2015 WL 4036258, at *2 (quoting *Craik v. Boeing Co*., 37 F.Supp.3d 954, 962 (N.D. Ill. 2013)). CBC shows its witnesses reside and work outside of Illinois. Thus, a transfer to Ohio is more convenient for CBC and a virtual "wash" for Plaintiff or a win since Plaintiff already made the choice to file this action in Illinois. Even if

Plaintiff resides in Georgia, the travel inconvenience is equal as between Illinois and Ohio. *Id*.[20] The convenience factors favors transfer.

### B. Public Interest Factors Weigh in Favor of Transfer of Venue

Public interest – or "interest of justice" factors – in an action arising under federal law include congestion of the respective court dockets, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale. *Research Automation*, 626 F.3d at 978; *RAH Color Tech., LLC*, 2018 WL 439210, at *3. The "interest of justice" component can be determinative of the transfer question even if convenience factors dictate otherwise. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1985). Foremost, the speed of resolution favors transfer as the average months from filing to trial is faster in the Northern District of Ohio (22.7), as compared to Northern District of Illinois (34.0) or the Norther District of Georgia (29.6), according to the latest federal judicial statistics available on www.uscourts.gov.[21]

Secondarily, the court should consider which forum has a particular interest in this controversy. The forum where the robocalls allegedly occurred has a compelling interest in evaluating and regulating that conduct. *See Software for Moving, Inc. v. La Rosa Del Monte Express, Inc.*, No. 07-C-1839, 2007 WL 4365363, at *8 (N.D. Ill. Dec. 7, 2007) (public policy favors transfer to the district "where the center of [the] case originated"). As the court in *Camarena* noted in transferring venue for a TCPA case: "The material events occurred in [Tennessee], in the sense that the automated calls were planned and originated there. Thus, Tennessee has the greater interest in resolving this controversy and the more meaningful relationship to it." *Camarena*, 2015 WL 4036258, at *4; see also, *Piernik v. Collection Mgt. Co.*, No. 5:17-cv-320, 2018 WL 1202972,

---

[20] There is no difference in the distance or travel time from metro Atlanta to the metro Chicago or metro Cleveland areas; about 700 miles or a direct commercial airline flight of about 2 hours.
[21] A comparison of the number of pending cases and weighted filings among the forums evidences the judicial caseloads in Illinois and Georgia outweigh the caseloads in Ohio by more than 100 cases.

at *8 (W.D. Tex. Jan. 25, 2018)) (venue transfer of TCPA case reiterated Supreme Court's recognition that "[j]ury duty is a burden that out not be imposed upon the people of a community which has no relation to the litigation"). It remains that Illinois has no interest in resolving the controversy or regulating the conduct since none of the conduct occurred in the forum. Having assessed all relevant factors, the balance of the important factors weigh heavily in favor of transferring venue from Illinois to the Northern District of Ohio. If this Court determines not to dismiss the action, the Court should exercise its discretion and transfer venue.[22]

## CONCLUSION

For the reasons set forth above, Illinois lacks personal jurisdiction over CBC. Not only is personal jurisdiction lacking, but, as explained above, venue is not proper in this district. Thus, the action should be dismissed for lack of personal jurisdiction. Alternatively, the action should be dismissed for improper venue. In lieu of dismissal, the Court should transfer venue to the Northern District of Ohio for the convenience of the parties and in the interest of justice.

Respectfully submitted July 16, 2018.


Michael J. Weik 3125782                      SMITH & WEIK LLC
Jonathan D. Nusgart 6211908
1011 Lake Street, Suite 412                  */s/Michael J. Weik*_____
Oak Park, IL 60301
708-386-9540
mweik@smithweiklaw.com
jnusgart@smithweiklaw.com


---

[22] *Guiette v. U.S. Bank, N.A.*, No. 17-1859, 2017 WL 6001738, at *6 (D. Minn. Dec. 4, 2017) (transferring venue in TCPA case even where defendant's headquarters in transferor state); *Hung V. Vu, DDS v. I Credit, LLC*, No. C 17-790, 2017 WL 2686548, at *2 (N.D. Cal. June 22, 2017) (transferring venue in TCPA case to forum where plaintiff received faxes as no substantial events occurred in forum).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing MOTION AND MEMORANDUM IN SUPPORT was filed electronically on the 16th day of July, 2018, via the Court's CM/ECF system, which shall send Notice of Electronic Filing to the following counsel of record:

Marwan R. Daher and Omar T. Sulaiman

*/s/Michael J. Weik*
Attorneys for Defendant CBC National Bank